IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**NORMAN L. HARRIS**

    **Plaintiff**

vs.                                             **Case No.:**   1:24-CV-195-SA-DAS

**THE LINCOLN NATIONAL LIFE INSURANCE
COMPANY f/k/a LINCOLN LIFE
ASSURANCE COMPANY OF BOSTON**

    **Defendant.**

## COMPLAINT

COMES NOW the Plaintiff, Norman L. Harris (hereinafter "**Plaintiff**" or "**Mr. Harris**"), by and through his attorneys, and for his Complaint against Defendant Lincoln National Life Insurance Company f/k/a Lincoln Life Assurance Company of Boston (hereinafter "**Defendant**" or "**Lincoln**"), states as follows:

### JURISDICTION AND VENUE

1.    Jurisdiction of this case is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and without limitation, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Among other things, those provisions give District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans; here, this consists of Toyota Motor Engineering & Manufacturing North America, Inc.'s Long Term Disability Plan and corresponding insurance policy (**Policy No.: GF3-860-066619-01**) (hereinafter the "**Plan**" and the "**Policy,**" respectively); which was (and is) underwritten, administered, and/or managed by Lincoln for the benefit of certain employees of Toyota Motor

Engineering & Manufacturing North America, Inc. (hereinafter "**Toyota**"). In addition, this action may be brought in this Court pursuant to 28 U.S.C. § 1331, which gives District Courts jurisdiction over actions that arise under the laws of the United States ("federal question jurisdiction").

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. These avenues of appeal, *i.e.*, administrative remedies, have now been exhausted by or on behalf of Plaintiff. *See*, **Lincoln Claim No. 11620417**.

3. Venue is proper in the Northern District of Mississippi, under 29 U.S.C. § 1132(e)(2) and/or 28 U.S.C. § 1391.

## RELEVANT PARTIES

4. Mr. Harris lives in Saltillo, Mississippi, and a substantial part of the events, transactions, and occurrences material to his claim for disability took place within the Northern District of Mississippi. Defendant The Lincoln National Life Insurance Company is a foreign insurance company whose registered agent for service of process is: United States Corporation Company 109 Executive Dr Ste 3, Madison, MS 39110-8497.

5. At all times relevant hereto, Mr. Harris was an "employee" of Toyota, that being his "employer"; as those two terms are defined in 29 U.S.C. §§ 1002(5) and (6). However, due to his established disability, he ceased working at Toyota on or about March 26, 2021. He then attempted to return to work in approximately April and May of 2023. His final day working at Toyota was on or around May 26, 2023.

6. At all times relevant hereto, Toyota was the Plan Sponsor and Plan Administrator for the Plan; it was also "plan sponsor," "administrator," and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21).

7. At all times relevant hereto, Defendant was the underwriter, provider of benefits,

plan administrator, claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan; alternatively, or in addition, Defendant was an "administrator" and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21). Here, it is apparent on the face of the record that Defendant was/is both ultimate decision-maker (claims administrator, claims-review fiduciary, claims fiduciary) and payer/funding source of any benefits, and thus it is alleged that Defendant has a financial conflict of interest/bias that may impact the standard of review used by the Court.

8. At all times relevant hereto, Defendant Lincoln acted as agent for the Plan and for Plan Sponsor/Plan Administrator/Policyholder Toyota.

9. Under the Plan, Toyota delegated or assigned to Defendant Lincoln the claims-fiduciary and claims-administrator duties for the Plan and under the Policy; *i.e.*, decision-making on claims for benefits, decision-making on appeals of denied claims; plus (upon information and belief) other administrative powers and duties for or under the Plan and the Policy.

10. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); as an incident to his employment, Plaintiff was eligible and covered under the Plan and thus qualifies as a "participant" as defined by 29 U.S.C. § 1002(7).

11. At all times relevant hereto, the Plan/Policy provided generally for payment of disability benefits if Plaintiff became disabled and unable to work because of injury, illness, sickness, and/or other covered medical condition as set forth under the Plan/Policy.

12. The Plan/Policy provides that "'**Disability**' or '**Disabled**' means: 1. For persons other than pilots, co-pilots, and crewmembers of an aircraft: i. that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and ii. thereafter, the

Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation."

## STATEMENT OF FACTS

13. Plaintiff realleges and reavers paragraphs 1 through 12 of the Complaint, incorporating them by reference herein as if specifically restated.

14. Mr. Harris is currently fifty-five (55) years old, and his date of birth is in September of 1969.

15. Mr. Harris worked for Toyota as a Production Team Member.

16. Unable to work, Mr. Harris originally ceased working at Toyota on approximately March 26, 2021. He attempted to return to work on or around April 24, 2023. However, this attempt was unsuccessful, and his final day of work was on or around May 26, 2023.

17. The medical conditions that form the basis for Plaintiff's disability include, without limitation, the following: cervical spondylosis without myelopathy, cervical stenosis, ulnar neuropathy, pain in joint of left shoulder, chronic pain syndrome, and low back pain.

18. After he could no longer perform his work for Toyota, and based on his employment there, Mr. Harris was eligible and applied for short-term disability ("STD") benefits through Lincoln. STD benefits were awarded from approximately March 27, 2021 through October 1, 2021.

19. After that, his medical condition not having improved, Mr. Harris was eligible and applied for LTD benefits, again through Lincoln. Lincoln initially approved Mr. Harris' claim for LTD benefits and paid such benefits from approximately September 25, 2021 through October 27, 2023.

20. Mr. Harris was notified that Lincoln would no longer be paying these benefits via

letter dated October 21, 2023.

21. Despite due appeal(s) by or on behalf of Plaintiff, Lincoln has continued to deny LTD benefits. The final denial letter was dated July 9, 2024.

22. Any and all applicable insurance-policy premiums required for LTD coverage under the Plan/Policy have been fully paid or otherwise satisfied.

23. Plaintiff has filed or caused to be filed any/all notice(s) and/or proof(s) of claim or loss that were condition(s) precedent to recovering benefits under the Plan/Policy for the losses claimed herein.

24. At all times relevant hereto, *i.e.,* at all times for which monetary or other relief is sought, Plaintiff was "Disabled" or suffering from "Disability" as those terms are defined under the Plan/Policy; such that certain policy benefits are now due and overdue to be paid. That is, his claim was and has continued to be amply supported by his treating medical providers, who have confirmed his continuing inability to work.

25. Also, Mr. Harris has been found to qualify for Social Security disability (SSD) benefits by the Social Security Administration. This independent, freestanding determination by the federal government is part of the Administrative Record here, and it is persuasive evidence of disability in this case.

26. Under any ERISA standard of review that may apply, the position taken by Lincoln in denying this claim, viewed against the entire Administrative Record as properly constituted, cannot withstand judicial scrutiny. The review, analysis, and decision by Lincoln were wrong, as well as arbitrary and capricious, under the circumstances presented.

27. Further, Lincoln's denial of benefits here must be reversed to the extent that Plaintiff was not afforded a reasonable opportunity for a full and fair review. *See*, 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1.

28. Plaintiff is entitled to past due LTD benefits, as well as any other companion benefits that were provided under the Plan/Policy during the pertinent time frame. Further, he is entitled to all future LTD benefits and companion benefits provided by the Plan/Policy, provided that he otherwise continues to meet all applicable terms and conditions of same.

29. Based on the facts summarized above and further proof that can be gleaned from the record (Administrative Record), if not adduced through any discovery, Plaintiff has suffered a loss of monies, if not other/additional damages; thus, he alleges the causes of action set forth below.

## CAUSES OF ACTION

### COUNT I – ERISA/Statutory Claims

30. Plaintiff realleges and reavers paragraphs 1 through 29 of the Complaint, incorporating them by reference herein as if specifically restated.

31. Based on the facts summarized above, Plaintiff makes claim under ERISA for the reinstatement/award of all LTD and related benefits due; past, present and future; pursuant to the Plan/Policy at issue. That is, this is an action by a plan participant seeking recovery of benefits, and clarification/declaration of benefits, brought pursuant to 29 U.S.C. §§ 1001, *et seq.*, in particular 29 U.S.C. § 1132(a); as well as all pertinent implementing regulations and the federal common law developed in the context of ERISA.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff any and all LTD benefits to which he was entitled but is still owed; or, alternatively, a dollar amount equal to the contractual amount of benefits to which Plaintiff was entitled but never paid; or, alternatively, assess concomitant surcharge(s) under principles of equity;[1] each together with interest; and all as recoverable pursuant to the contractual terms of the Plan/Policy at issue, under ERISA law, and subject to the proof;

B. That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff all LTD benefits to which he is or will be entitled in the future pursuant to the contractual terms of the Plan/Policy at issue; subject to the proof and policy application procedures, as required; and so long as he otherwise continues to meet all applicable terms and conditions of the Plan/Policy;

C. That the Court award to Plaintiff his attorney's fees and costs of action pursuant to ERISA. *See*, 29 U.S.C. § 1132(g);

D. That the Plaintiff recover any and all other, different or additional damages, expenses, costs and relief (legal, equitable, declaratory or remedial) to which he may be entitled by virtue of the facts and cause(s) of action alleged above, consistent with the ERISA statute and regulations, the federal common law developed in the context of ERISA, and the interests of equity

---

[1] *See, CIGNA Corp. v. Amara*, 563 U.S. 421, 440-445 (2011).

and justice; including without limitation any applicable or accrued cost-of-living adjustments ("COLAs"); any provision for waiver of, continuation of payment of, or reimbursement of, premiums on health and dental insurance; any provision for waiver of, continuation of payment of, or reimbursement of, premiums on life insurance (life waiver of premium); and any provision for continued payments/contributions to employer-sponsored pension or retirement plan(s) (if and as any/all of those items may be provided under the Plan/Policy in force); plus pre-judgment interest[2] and post-judgment interest[3] on all amounts awarded or to be awarded;

      E.      That the Court order under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that the Defendant or its designee render and provide a full and accurate accounting of all dollar figures and computations for Plaintiff's LTD benefits to be paid; in sufficient detail so that Plaintiff may ascertain that his benefits are paid in the proper amounts; and to include any putative offset amounts that might reduce the amount of benefits otherwise paid;

      F.      That Plaintiff be awarded such additional or other relief as may be appropriate and just; and

      G.      Plaintiff reserves the right, if appropriate, pursuant to Fed. R. Civ. P. 15 or otherwise to amend/supplement this lawsuit and the Prayer for Relief based on additional fact/circumstances not now reasonably apparent, or to be revealed in discovery conducted herein; and/or to add any party-defendant(s) necessary to afford complete relief to Plaintiff

      Respectfully Submitted,

      **WISE PLLC**

---

[2] *See, Curtis v. Hartford Life & Accident Ins. Co.*, 64 F. Supp. 3d 1198, 1224 (N.D. Ill. 2014) (presumption in favor of prejudgment interest is specifically applicable in ERISA cases).

[3] *See*, 28 U.S.C. § 1961.

/s/ *Benjamin Z. Wise*
Benjamin Z. Wise, MSB 99652
2906 North State Street, Ste. 209 (39216)
Post Office Box 4641
Jackson, Mississippi 39296
Telephone: (601) 500-7484
Facsimile: (601) 385-1106
Email: ben@wisepllc.com


**CODY ALLISON & ASSOCIATES, PLLC**

K. Cody Allison, TN BPR No. 020623
(*Motion to Appear *Pro Hac Vice* Pending)
Andrew M. Hickman, TN BPR No. 037331
(*Motion to Appear *Pro Hac Vice* Pending)
Cavalier Building
95 White Bridge Road, Ste. #250
Nashville, TN 37205
Telephone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com
drew@codyallison.com


ATTORNEYS FOR THE PLAINTIFF