**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**NORMAN L. HARRIS**                                                                     **PLAINTIFF**

v.                         **CIVIL ACTION NO. 1:24cv00195-GHD-DAS**

**THE LINCOLN NATIONAL LIFE INSURANCE**
**COMPANY f/k/a LINCOLN LIFE**
**ASSURANCE COMPANY OF BOSTON**                      **DEFENDANT**

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant The Lincoln National Life Insurance Company f/k/a Lincoln Life Assurance Company of Boston ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint"), filed by Plaintiff, Norman L. Harris, and states as follows:

### JURISDICTION AND VENUE

1. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln admits this Court has jurisdiction over this action. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional bases gives rise to any inference that Plaintiff is entitled to any remedy or relief against Lincoln. To the extent that the allegations contained in Paragraph 1 constitute legal conclusions, Lincoln is not required to answer such allegations. Lincoln admits that it issued Group Disability Income Policy No. GF3-860-066619-01 (the "Policy") to Toyota Motor Engineering & Manufacturing North America, Inc. ("Toyota"), which, at certain times, insured long-term disability ("LTD") benefits from the Toyota Motor Engineering & Manufacturing North America, Inc. Long Term Disability Plan

(the "Plan") sponsored by Toyota, and that, at certain times, Lincoln was the claims administrator for claims for LTD benefits from the Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits Plaintiff's claims are governed by ERISA and that Plaintiff submitted a claim for LTD benefits from the Plan under the Policy that was assigned claim number 11620417. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of LTD benefits from the Plan under the Policy under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits the allegations contained in Paragraph 3 of the Complaint.

**RELEVANT PARTIES**

4. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation. Lincoln admits that it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania and that it is authorized to do business in Mississippi. Lincoln admits that it was properly served in this action. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Lincoln admits Plaintiff was, at certain times, employed by Toyota. To the extent that the allegations contained in Paragraph 5 constitute legal conclusions, Lincoln is not required

to answer such allegations. Lincoln admits Plaintiff's last day of work at Toyota was May 26, 2023. Lincoln denies all remaining allegations contained in Paragraph 5 of the Complaint.

6. Lincoln admits that, at certain times, Toyota sponsored and was the Plan Administrator of the Plan, which provided certain benefits to participating, eligible employees of Toyota. To the extent that the allegations contained in Paragraph 6 constitute legal conclusions, Lincoln is not required to answer such allegations. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that it issued the Policy to Toyota, which, at certain times, insured LTD benefits from the Plan sponsored by Toyota. Lincoln admits that, at certain times, it was the claims administrator of claims for LTD benefits from the Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the Plan. To the extent that the allegations contained in Paragraph 7 constitute legal conclusions, Lincoln is not required to answer such allegations. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that, at certain times, it was the claims administrator of claims for LTD benefits from the Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the Plan. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that, at certain times, it was the claims administrator of claims for LTD benefits from the Plan under the Policy. Lincoln specifically denies that it was the Plan Administrator of the Plan. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that the Plan is an employee benefit plan as defined by ERISA and is governed by ERISA. Lincoln admits Plaintiff was, at certain times, an employee of Toyota and that Toyota sponsored the Plan to provide long term disability benefits to certain employees of Toyota, of which Plaintiff was, at certain times, a participant. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. To the extent that the allegations contained in Paragraph 11 seek to interpret the provisions of the Policy, Lincoln refers to the documents governing the Policy as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. To the extent that the allegations contained in Paragraph 12 seek to interpret the provisions of the Policy, Lincoln refers to the documents governing the Policy as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

## STATEMENT OF FACTS

13. Lincoln incorporates its responses contained in Paragraphs 1 through 12 as if fully stated herein.

14. Lincoln admits that documentation concerning Plaintiff's age and date of birth are contained in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits Plaintiff was, at certain times, employed by Toyota as a Production Team Member. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln admits Plaintiff's last day of work at Toyota was May 26, 2023. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, benefits from the Toyota Motor Engineering & Manufacturing North America, Inc. Short Term Disability Plan. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits that Plaintiff submitted a claim for, and at certain times received, LTD benefits from the Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits it sent a letter to Plaintiff dated October 21, 2023, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits an attorney representing Plaintiff at the time, submitted an appeal of the denial of further LTD benefits from the Plan under the Policy. Lincoln admits it sent a letter dated July 9, 2024, to an attorney representing Plaintiff at the time, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits the allegations contained in Paragraph 22 of the Complaint.

23. Lincoln admits that Plaintiff submitted a claim for LTD benefits from the Plan under the Policy. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits the Policy includes language pertaining to the definitions of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, but Lincoln refers to the documents governing the Policy as the best evidence of their contents. To the extent that the allegations contained in Paragraph 24 seek to interpret the provisions of the Policy, Lincoln refers to the documents governing the Policy as the best evidence of their contents. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record upon which Plaintiff's claim for LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits that certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record upon which Plaintiff's claim for benefits from the LTD benefits from the Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln denies the allegations contained in Paragraph 26 of the Complaint

27. Lincoln denies the allegations contained in Paragraph 27 of the Complaint.

28. Lincoln denies the allegations contained in Paragraph 28 of the Complaint.

29. Lincoln denies the allegations contained in Paragraph 29 of the Complaint.

## CAUSES OF ACTION

### COUNT I -- ERISA/Statutory Claims

30. Lincoln incorporates its responses contained in Paragraphs 1 through 29 as if fully stated herein.

31. Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan governed under ERISA, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

Lincoln denies the allegations contained in the Prayer for Relief of the Complaint and denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Lincoln's actions regarding Plaintiff's claims for benefits were done in good faith and its determination of Plaintiff's claim was based on a reasonable investigation and Lincoln's good faith belief that its actions were in compliance with applicable laws and regulations and the requirements of the relevant disability benefits policy.

3. At all relevant times, Lincoln acted in full compliance with the terms and provisions of the Policy and all applicable laws.

4. Some or all of the claims asserted or relief sought by Plaintiff in the Complaint are barred by the doctrines of laches, waiver, estoppel, unclean hands and/or failure to fulfill conditions precedent under the Policy.

5. Plaintiff's claims against Lincoln are barred by the terms, conditions, limitations, and exclusions specified in the relevant disability benefits policy.

6. The relevant disability benefits policy grants discretionary authority to Lincoln to determine eligibility for benefits under the relevant disability benefits policy, and Lincoln did not abuse its discretion is making decisions on Plaintiff's claim for benefits.

7. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for long term disability benefits from the Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

8. Plaintiff was not "disabled" as defined by the applicable definition contained in the Policy and therefore did not qualify for benefits under the Policy.

9. To the extent that Plaintiff has raised state law claims in the Complaint, those are completely preempted by ERISA.

10. Plaintiff's recovery of benefits, if any, from Lincoln is subject to offset pursuant to the terms of the Plan under the Policy, resulting from Plaintiff's receipt of benefits or other income, including, but not limited to, income earned by Plaintiff and the disability benefits Plaintiff received from the Social Security Administration on Plaintiff's or Plaintiff's dependent(s)'s behalf.

11. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

12. To the extent that the Complaint seeks damages beyond those permitted by ERISA or asserts claims for equitable relief, the Complaint fails to state a claim upon which relief may be granted as a matter of law as such damages and claims are barred by virtue of Plaintiff's claim for recovery of benefits under Section 501(a)(1)(B) of ERISA.

13. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

14. Lincoln reserves the right to assert additional defenses.

**PRAYER**

Lincoln prays that this Court enter judgment that Plaintiff recovers nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Respectfully submitted this 21st day of November 2024.

Respectfully submitted,

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY f/k/a LINCOLN LIFE ASSURANCE COMPANY OF BOSTON

**LAW OFFICES OF IWANA RADEMAEKERS, P.C.**

BY:   /s/ *Iwana Rademaekers*
          Iwana Rademaekers

Iwana Rademaekers
(Admitted *Pro Hac Vice*)
Texas Bar No. 16452560
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main:  (214) 579-9319
Fax:  (469) 444-6456
Email:  iwana@rademaekerslaw.com

*And*

BY:   PHELPS DUNBAR, LLP

BY:    /s/ Adam B. Harris
          Adam B. Harris

Adam B. Harris (MS Bar No. 102955)
PHELPS DUNBAR, LLP
2602 13th Street, Suite 300
Gulfport, MS  39501
Telephone: 228-679-1130
Telecopier: 228-679-1131
Email: adam.harris@phelps.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

> K. Cody Allison, Esq.
> cody@codyallison.com
>
> Andrew M. Hickman, Esq.
> drew@codyallison.com
>
> Benjamin Z. Wise, Esq.
> ben@wisepllc.com

> /s/ *Iwana Rademaekers*
> Iwana Rademaekers